The decision below is signed as a decision of the court.

Signed: December 03, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ARTHUR J. HOROWITZ, | ) | Case No. 08-00211 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE CLAIM OF GMAC

This addresses the debtor's objection to the proof of claim of GMAC.  GMAC has not responded to the debtor's objection to its proof of claim.  The court issued its Memorandum Decision and Interim Order re Claim of GMAC on September 26, 2008, concluding that GMAC's proof of claim had to be disallowed to the extent that it exceeded $14,889.96, and setting a deadline of October 15, 2008, for GMAC to amend its proof of claim to indicate what amount was received from the sale of the debtor's vehicle.  Well beyond that deadline, GMAC filed an amended proof of claim on November 11, 2008, asserting an unsecured claim for $15,272.84, but that proof of claim failed to state what amount was received on the sale of the vehicle.  Nothing in the amended proof of claim attempts to respond to the court's reasoning in its

Memorandum Decision and Interim Order concluding that GMAC's proof of claim had to be disallowed to the extent that it exceeded $14,889.96.

The attachment to the proof of claim recites that the $15,272.84 consists of a "Net Remaining Base Monthly Payments" amount of $14,242.40, plus "Past Due Monthly Payments" of $866.44, and "Unpaid Late Charges, Fees, Taxes and Other Charges" of $164.00.  Those latter two items are inconsistent with GMAC's original proof of claim which stated that there was *no* prepetition arrearage owed.  The amended proof of claim does not attempt to explain why there is a discrepancy.

Although a proof of claim filed in conformance with the Federal Rules of Bankruptcy Procedure is entitled under Rule 3001(e) to a presumption of prima facie correctness, the inconsistency between the two proofs of claim (with not one word of explanation for why there is an inconsistency), the lack of any statement as to the amount of proceeds realized from the sale of the vehicle, and the failure of the amended proof of claim to address the conclusion in the Memorandum Decision and Interim Order that at most $14,889.96 could be owed, suffice to show error in the amended proof of claim, shifting the burden to GMAC to demonstrate why the amended proof of claim is correct.

As explored in the Memorandum Decision and Interim Order, the lease agreement is a complicated contract regarding the

computation of what a debtor owes upon surrender of a vehicle. GMAC has offered no meaningful assistance through either of the proofs of claim as to how it computed the amount due pursuant to the provisions discussed in the Memorandum Decision and Interim Order.

The debtor, however, has not objected to the amended proof of claim, and in a supplemental memorandum regarding its objection to the original proof of claim has only requested that the court disallow the amended proof of claim to the extent that it exceeds $14,889.96, consistent with the Memorandum Decision and Interim Order.  GMAC has not been put on notice that its amended proof of claim might be reduced below that $14,889.96. Accordingly, the amended proof of claim will be allowed in the amount of $14,889.96, without prejudice to the debtor's objecting that the amended proof of claim should be disallowed (for example, to the extent the amended proof of claim asserts "Past Due Monthly Payments" of $866.44, and Unpaid Late Charges, Fees, Taxes and Other Charges" of $164.00, which if disallowed *in toto* would reduce the claim to $14,242.40).

Finally, the amended proof of claim was not signed.  This furnishes an additional reason to disregard the proof of claim, and to allow GMAC to have a claim pursuant to the original proof of claim in the reduced amount of $14,889.96 as decided in the Memorandum Decision and Interim Order.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Stephen A. Hecker, Esq. (counsel for GMAC on its motion for relief from the automatic stay); and:

GMAC
P. Bengtson, Agent
PO Box 130424
Roseville, MN 55113

GMAC
T. Trollen, Agent
PO Box 130424
Roseville, MN 55113