The document below is hereby signed.

Signed: April 22, 2009.



_S. Martin Teel Jr._ (signature)
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ARTHUR J. HOROWITZ, | ) | Case No. 08-00211 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE MOTION FOR RECONSIDERATION
OF DECEMBER 4, 2008 RULING REGARDING CLAIM OF GMAC

This addresses the debtor's unopposed Motion (Docket Entry ("DE") No. 92) for Reconsideration of the Court's December 4, 2008 Ruling Regarding Claim Filed by GMAC.

I

The debtor asks the court to find "that the de facto physical surrender of [his] vehicle constitutes full satisfaction of [GMAC's claim] unless it can be demonstrated that the claim should be adjusted based on proceeds received by GMAC as a result of the sale or other disposition of the collateral." For several reasons, I must deny that request.

First, the debtor's confirmed plan did not provide for satisfaction of GMAC's claim through surrender of the vehicle to GMAC. Instead, the confirmed plan provided that GMAC was to be

paid the full amount of whatever allowed claim it has in the case. GMAC was a lessor, not a lienor, and the terms of the lease governed what it would be owed as a result of the surrender of the vehicle and GMAC's disposing of the vehicle.

Second, under the lease, the debtor was entitled to a reduction of the claim to the extent that GMAC's sale of the vehicle resulted in a surplus over the $19,390.25 residual value of the vehicle. Only if the sale resulted in proceeds in excess of the residual value of $19,390.25 would the sale proceeds have resulted in a reduction of the amount owed to GMAC.

Third, the lease provided for the vehicle to be sold at wholesale. The debtor reports that the vehicle had a NADA **retail value** of $24,525.00, but has failed to report the NADA **wholesale value** of the vehicle (despite my prior invitation to the debtor to produce the evidence of wholesale value that is most favorable to him).[1]

Accordingly, the debtor has not shown error in the proof of claim based on his having surrendered the vehicle to GMAC. Putting aside the issue of the effect of a sale of the vehicle on the amount owed to GMAC, the debtor has failed to show any error

---

[1] The debtor argues that GMAC has not even advised him whether the car was sold. In the unlikely event that the car was not sold, the debtor would only be entitled to show what the result would have been had the car been sold, and without evidence as to wholesale value, he has not demonstrated error in GMAC's proof of claim based on the car not being sold.

in my calculation of the amount owed to GMAC in the Memorandum Decision and Interim Order for a Claim of GMAC dated September 26, 2008.

II

The debtor understandably complains that GMAC has been uncooperative in addressing how much it is owed. Specifically, it has failed to reveal what was realized from the sale of the vehicle and it has offered no meaningful assistance through either its original proof of claim or its unsigned amended proof of claim as to how it computed the amount owed under the complicated provisions of the lease. But the burden is on the debtor to demonstrate error in GMAC's proof of claim. While GMAC has failed to respond to the objection to its proof of claim, that does not relieve the debtor of the burden of demonstrating error in GMAC's proof of claim.

The debtor is entitled to invoke Fed. R. Bankr. P. 2004 to obtain information from GMAC. Once he has gathered that information, he is free to file an amended objection to proof of claim setting forth any evidence demonstrating error in GMAC's proof of claim beyond the errors that this court already noted in limiting GMAC to an allowed claim for $14,889.96.

Nor am I precluding the debtor from asserting that GMAC has breached any obligation that may exist under non-bankruptcy law

to inform the debtor of the amounts received from the sale of the vehicle, thus entitling the debtor to recover from GMAC by way of set off against its proof of claim any damages recoverable under non-bankruptcy law for such a breach. But at this juncture, the debtor has not stated what reasonable steps he has taken to obtain such information from GMAC. Although I share the debtor's frustration regarding GMAC's mystifying silence (despite an invitation to GMAC to file an amended proof of claim reciting the amount of sales proceeds, which would avoid the expense of having an attorney appear in the proceeding to provide that information), it is not clear that the debtor has even attempted such simple steps as a telephone call to discuss with GMAC's representatives the question of what was received on the sale.

### III

As noted in the prior ruling, the amended proof of claim was not signed. Accordingly, that proof of claim is a nullity,[2] and GMAC continues to have an allowed claim pursuant to the original proof of claim in the reduced amount of $14,889.96 as decided in the Memorandum Decision and Interim Order dated September 26, 2008.

An order follows.

---

[2] Moreover, the discrepancies between the original and amended proof of claim suffice to demonstrate error in the amended proof of claim, thus shifting the burden to GMAC to demonstrate why the amended proof of claim is correct and warrants an allowed claim in excess of $14,889.96.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Stephen A. Hecker, Esq. (counsel for GMAC on its motion for relief from the automatic stay); and:

GMAC
P. Bengtson, Agent
PO Box 130424
Roseville, MN 55113

GMAC
T. Trollen, Agent
PO Box 130424
Roseville, MN 55113